UNITED STATES DISTRICT COURT
SOUTHERN DISTRIC OF FLORIDA

CASE NO.: 12-61006-CIV-DIMITROULEAS

IN RE: REAL ESTATE OF KEVIN KOHLER,

MARGARET STRUMSKI, individually and
MARGARET STRUMSKI, as Personal
Representative of the Estate of Kevin Kohler

    Plaintiffs,

vs.

JOHN R. KOHLER, GRACE KOHLER
TIAA-CREF INDIVIDUAL
& INSTITUTIONAL SERVICES, LLC.,
a foreign limited liability company,

    Defendants.
_____/

## RENEWED
## MOTION IN OPPOSITION TO DEFENDANTS' JOHN KOHLER AND GRACE KOHLER MOTION TO REMOVE

    Plaintiff MARGARET STRUMSKI (Plaintiff "Strumski"), files this Renewed Motion in Opposition to Defendants' JOHN KOHLER and GRACE KOHLER (Defendants "Kohler") Motion to Remove and says:

    1.    Defendants Kohler filed a joint Motion with Defendant TIAA-CREF INDIVIDUAL & INSTITUTIONAL SERVICES LLC. (Defendant "TIAA-CREF") to remove this case from State Court to Federal Court pursuant to 28 U.S.C §§ 1441 & 1446.

    2.    Defendants Kohler are residents of the State of Florida and are individuals allegedly named as beneficiaries under retirement accounts previously held by Kevin Kohler, the decedent in named estate.

    3.    Plaintiff Strumski is a resident of the State of Florida.

4.     As both parties are residents of Florida, the only basis for Defendants Kohler to remove the case to Federal Court is for the litigation to involve a federal question. See *28 U.S.C §§ 1331 & 1441*.

5.     Defendants Kohler alleged in their Joint Motion for Removal, that the case is controlled by ERISA and therefore a federal question confers jurisdiction upon this Court. See *29 U.S.C § 1001 et. seq.*

6.     Under Federal law however, in order for Defendants Kohler to have standing to remove this case from State Court to Federal Court, Defendants Kohler must themselves be a qualified ERISA service provider. See *Envast v Flexible Products Co.,* 346 F. 3d 1004, 1013 (11th Cir. 2003); See also *Engelhardt, M.D. v. Paul Revere Life Ins. Co.,* 139 F. 3d 1346, 1352 (11th Cir. 1998).

7.     Defendants Kohler are individuals and not an ERISA service provider.

8.     Clearly as Defendants Kohler's only basis for removal was based upon an alleged federal question, Defendants Kohler have no basis to remove the State Court action to Federal Court.

9.     Pursuant to S.D.Fla.L.R. 7.1.A.3, Defendant Strumski has conferred with opposing party on this Motion but has been unable to resolve same without intervention of this Court.

**WHEREFORE**, Plaintiff Strumski moves this Court for an Order denying that portion of Defendants Joint Motion for Removal as it relates to Defendants Kohler.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 25th day of June, 2012, a true and correct copy of the foregoing has been electronically filed with the Clerk of Court using the CM/ECF system.  I also certify that the foregoing documents is being served this day on all counsel of record or pro se parties identified below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

EDWARD F. HOLODAK, P.A.
Attorney at Law
2500 Hollywood Blvd.
Suite 212
Hollywood, FL 33020
Telephone: (954) 927-3436


By: /s/ Edward F. Holodak
      EDWARD F. HOLODAK
      FL BAR NO.  059234

## SERVICE LIST

| | |
|---|---|
| Matthew A. Linde, Esquire<br>12693 New Brittany Boulevard<br>Fort Myers, Florida 33907<br>Telephone: 239-939-7100 | Brian R. Kopelowitz, Esquire<br>200 SW 1st Avenue, 12th Floor<br>Fort Lauderdale, Florida 33301<br>Telephone: 954-525-4100 |